```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
WENDY RAYMOND,

                            Plaintiff,
v.                                                             OPINION AND ORDER

GEOVANES DIAS de ARAUJO, et al.,                               23-CV-07578 (PMH)

                            Defendants.
-----------------------------------------------------------X
```

PHILIP M. HALPERN, United States District Judge:

On or about August 2, 2023, Plaintiff Wendy Raymond ("Plaintiff") commenced an action in the Supreme Court of the State of New York, County of Rockland against Defendants Geovanes Dias de Araujo ("Dias de Araujo" and ES Express Transport Inc., ("Corporate Defendant" and together, "Defendants") by the service and filing of a Summons and Complaint. (Doc. 1, "Not." ¶¶ 2-4; Doc. 1-2, "Compl."). On August 25, 2023, Defendants removed this action from state court pursuant to 28 U.S.C. §§ 1441 and 1446. (Not. at 1). The basis for removal set forth in the Notice of Removal was the alleged diversity of the parties under 28 U.S.C. § 1332(a). (*Id.* ¶¶ 11-13).

Presently pending before the Court is Plaintiff's motion to remand filed on September 25, 2023. (Doc. 8; Doc. 9; Doc. 10, "Pl. Br."). Defendants, at the Court's direction, filed their opposition to Plaintiff's motion on October 18, 2023. (Doc. 12; Doc. 13, "Def. Br."). Plaintiff filed her reply on October 25, 2023. (Doc. 14, "Reply").

For the reasons set forth below, Plaintiff's motion is GRANTED.

## STANDARD OF REVIEW

Under 28 U.S.C. § 1441, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . ." 28 U.S.C. § 1441(a). "The [federal] district courts shall have original jurisdiction of all civil actions

1

where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between—(1) citizens of different States." 28 U.S.C. § 1332(a). "An individual's citizenship, within the meaning of the diversity statute, is determined by his domicile." *Palazzo v. Corio*, 232 F.3d 38, 42 (2d Cir. 2000).[1] "Allegations of residency alone cannot establish citizenship." *Canedy v. Liberty Mutual Ins. Co.*, 126 F.3d 100, 103 (2d Cir. 1997).

"The Supreme Court has held that the party asserting diversity jurisdiction in federal court has the burden of establishing the existence of the jurisdictional amount in controversy." *Villafana v. So*, No. 13-CV-00180, 2013 WL 2367792, at *1 (S.D.N.Y. May 29, 2013) (quoting *Lupo v. Human Affairs Int'l, Inc.*, 28 F.3d 269, 273 (2d Cir. 1994)). While defendants need not "prove the amount in controversy to an absolute certainty," they have "the burden of proving that it appears to a reasonable probability that the claim is in excess of the statutory jurisdictional amount." *Id*. (quoting *Mehlenbacher v. Akzo Nobel Salt, Inc.*, 216 F.3d 291, 296 (2d Cir. 2000)). "[I]f the jurisdictional amount is not clearly alleged in the plaintiff's complaint, and the defendants' notice of removal fails to allege facts adequate to establish that the amount in controversy exceeds the jurisdictional amount, federal courts lack diversity jurisdiction as a basis for removing the plaintiff's action from state court." *Id*. (quoting *Lupo*, 28 F.3d at 273-74).

## DISCUSSION

Defendants, in the Notice of Removal, claimed that this Court has subject matter jurisdiction over this dispute because: (1) complete diversity exists between the parties; and (2) the amount in controversy exceeds the jurisdictional limit of $75,000, exclusive of interest and costs, based upon Plaintiff's settlement demand for "a sum well in excess of $75,000." (Not. ¶¶ 11-13). Plaintiff seeks remand on the grounds that: (1) the Complaint, Answer, and Notice of

---

[1] Unless otherwise indicated, case quotations omit all internal citations, quotation marks, footnotes, and alterations.

Removal refer only to the parties' "residence" as opposed to "domicile" which is insufficient to establish diversity of citizenship; (2) the Complaint and Answer give confusing and conflicting information with respect to the Corporate Defendant's citizenship, which "leaves open the question" of the Corporate Defendant's citizenship; and (3) Defendants have not carried their burden of establishing by a preponderance of the evidence that the jurisdictional threshold has been met. (*See generally* Plf. Br.).

Defendants argue in opposition to Plaintiff's motion that the totality of the facts support that New York is not simply Plaintiff's residence, but her domicile, and that Defendants are conclusively citizens of the State of Massachusetts. (*See generally* Def. Br.). Defendants also argue that Plaintiff's written settlement demand for $1,000,000 is sufficient to establish that the amount in controversy exceeds the $75,000 jurisdictional threshold. (*Id*.).

I. Diversity of Citizenship

Regarding Plaintiff's challenge to diversity of citizenship, "[i]t is well established that a statement of residence, unlike domicile, tells the court only where the parties are living and not of which state they are citizens." *Adrian Fam. Partners I, L.P. v. ExxonMobil Corp.*, 79 F. App'x 489, 491 (2d Cir. 2003). "Allegations of residency alone cannot establish citizenship." *Canedy*, 126 F.3d at 103. Here, Defendants do not rely solely on allegations of residency to establish citizenship.

The Complaint alleges that Plaintiff "was, and still is, a resident of the State of New York, County of Rockland." (Compl. ¶ 1). Additionally, Defendant came forth with evidence that Plaintiff had a New York State driver's license with a New York address on the day of the subject collision. (Def. Br. at 3; Doc. 12-1). The Court further notes that Plaintiff does not admit or deny

in her Motion that New York is her domicile. (*See generally* Plf. Br.). On these facts, Defendants have not sufficiently established that Plaintiff is a citizen of the State of New York.

With respect to Defendant Dias de Araujo, the Complaint alleges that he "was, and still is, a resident of the State of Massachusetts, County of Middlesex." (Compl. ¶ 2). Dias de Araujo had a Massachusetts's State driver's license on the day of the subject collision. (Def. Br. at 2-3; Doc. 12-1). Additionally, Defendants offer hearsay, third party evidence that Dias de Araujo has only ever lived and worked in Massachusetts since immigrating the to the United States in 2001. (Doc. 12-3). Taken together, the Court finds that Defendants have not sufficiently established that Dias de Araujo is a citizen of the State of Massachusetts.

Finally, the Complaint alleges that the Corporate Defendant "was and still is an out of state corporation, duly organized under and existing by virtue of the laws of the State of New York." (Compl. ¶ 3). Defendants' answer states that the Corporate Defendant "was a Domestic Profit Corporation, organized in the State of Massachusetts, with a principal place of business in Shrewsbury, Massachusetts" and denies that it is organized and existing by virtue of the laws of the State of New York. (Doc. 1-3 at ¶ 3). To the extent there is any confusion caused by the term "domestic" in Defendants' answer, it is resolved by the Affidavit of Vanilza Klein submitted in connection with Defendants' opposition. (Doc. 12-3). Ms. Klein, Vice President of ES Express Transport, Inc., confirms that the Corporate Defendant is incorporated in Massachusetts and has its principal place of business in Massachusetts. (*Id.*). Therefore, pursuant to 28 U.S.C. § 1332(c)(1), Defendants have sufficiently established that the Corporate Defendant is a citizen of the State of Massachusetts.

Accordingly, complete diversity of citizenship has not been established in this action.

II.     Amount in Controversy

Plaintiff's Complaint alleges that she was injured in a motor vehicle accident caused by Dias de Araujo's negligent operation of a vehicle while acting within the scope of his employment with the Corporate Defendant. (*See generally* Compl.). A plaintiff's complaint, in an action to recover damages for personal injuries in New York, "shall contain a prayer for general relief but shall not state the amount of damages to which the pleader deems himself entitled." C.P.L.R. § 3017(c). Accordingly, the Complaint does not state a specific sum of money sought from Defendants and asserts only that Plaintiff's damages "exceed[] the jurisdiction of the lower courts." (Compl. at 8). If removal of a civil suit from state court to federal court is premised on 28 U.S.C. § 1332(a) and "[s]tate practice . . . does not permit demand for a specific sum," removal is proper only "if the district court finds, by the preponderance of the evidence, that the amount in controversy exceeds [$75,000]." 28. U.S.C. § 1446(c)(2).

Defendants assert that the amount in controversy exceeds $75,000 because "Plaintiff has demanded a sum well in excess of $75,000." (Not. ¶ 12). Defendants attach to their opposition an August 8, 2023 email from Plaintiff's counsel to an agent of Defendants which makes a settlement demand of $1,000,000. (Doc. 12 at ¶ 17; Doc. 12-2). Additionally, the Civil Cover Sheet filed in this action on August 28, 2023 specifies a demand of $1,000,000. (Doc. 5). Plaintiff argues that her demand which seeks the full $1,000,000 individual policy limit is not sufficient proof that the amount in controversy exceeds $75,000. (Reply at 7).

While this Court has previously found that an oral settlement demand is not a sufficient basis for removal, a written settlement demand may be sufficient to establish the amount in controversy. *See Charles v. Costco Wholesale Corp.*, 416 F. Supp. 3d 167, 169 (E.D.N.Y. 2017) (finding Plaintiff's written damages demand sufficient to show by a preponderance of the evidence

that there is a reasonable probability that Plaintiffs' claim exceeds $75,000 where there is no evidence that the demand is not made in good faith); *see also Hogue v. BJ's Wholesale Club, Inc.*, No. 22-CV-04829, 2022 WL 2256291, at *2 (S.D.N.Y. June 23, 2022) (finding the alleged oral settlement demand insufficient to establish the amount in controversy exceeds $75,000). Here, it is undisputed that Plaintiff made a settlement demand to Defendants in writing for the amount of $1,000,000. There is no indication that this demand was not made in good faith. Accordingly, Defendants have met their burden to establish the requisite amount in controversy.

## **CONCLUSION**

Based upon the foregoing, Plaintiff's motion seeking remand to the state court is GRANTED.[2]

The Clerk of Court is respectfully directed to terminate the motion sequence pending at Doc. 8, and remand this case to the Supreme Court, County of Rockland

**SO ORDERED.**

Dated: White Plains, New York
December 28, 2023

_____
Philip M. Halpern
United States District Judge

---

[2] To the extent Defendants request, in the alternative, limited discovery on the issue of party citizenship and amount in controversy, that request is denied. (Def. Br. at 4). *See Broidy Cap. Mgmt. LLC v. Benomar*, 944 F.3d 436, 446 (2d Cir. 2019) ("[T]he district court has considerable latitude in devising the procedures it will follow to ferret out the facts pertinent to jurisdiction." (quoting *Foremost-McKesson, Inc. v. Islamic Republic of Iran*, 905 F.2d 438, 449 (D.C. Cir. 1990))).